# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.P.V.,<br><br>            Petitioner,<br><br>v.<br><br>MINGA WOFFORD, et al.,<br><br>            Respondents. | Case No. 1:26-cv-01010 JLT EPG (HC)<br><br>ORDER GRANTING THE PETITION FOR HABEAS CORPUS; GRANTING MOTION TO PROCEED UNDER PSEUDONYM; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING [1]<br><br>(Docs. 1, 2, 3.) |

## I.    INTRODUCTION

Before the Court for decision is R.P.V.'s request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed their response to the TRO and the underlying petition asserting only that the petitioner is subject to mandatory detention, a legal position that this Court has rejected repeatedly. (Doc. 10.) Thus, the Court **GRANTS** the petition for writ of habeas corpus. Furthermore, the Court **GRANTS** Petitioner's Motion to Proceed Under Pseudonym. (Doc. 4.)

## II.    FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen of Mexico who has resided in the United States for 17 years. (Doc.

---

[1] The respondents reported that no further briefing was requested as to the underlying petition. (Doc. 10 at 2) Because the Court orders the immediate release of the petition due to granting the petition, the motion for temporary restraining order (Doc. 2) is **MOOT**.

2 at 3.) After fleeing Mexico, Petitioner came to live in Soledad, California, where he lived with his wife, his eight-month-old U.S. citizen son, his sister, and his in-laws. (*Id.*) In 2014, Petitioner was convicted in 2014 for California Vehicle Code Section § 23103.5(a); Wet Reckless. (*Id.*)

On January 17, 2026, ICE officers made a warrantless arrest of Petitioner after intercepting his vehicle. (Doc. 2 at 3.) Petitioner was subsequently placed into removal proceedings under 8 U.S.C. § 1229(a) and was charged pursuant to U.S.C. §§ 1182(a)(6)(A)(i) and 1182(a)(7)(A)(i). (*Id.*) Petitioner has since requested a bond redetermination hearing before an immigration judge but has not received any updates. (*Id.*)

On January 12, 2026, Petitioner filed petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his continued detention violates due process and the INA. (Doc. 1.)[2] Respondents opposes the Petition and issuance of preliminary injunctive relief and maintain that Petitioner's detention is "mandatory" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (*See generally* Doc. 10.)

### III.   LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

### IV.   ANALYSIS

In the instant petition for writ of habeas corpus, Petitioner claims to be a member of the bond-eligible class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-1873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025) in which the district court certified a class of

---

[2] Petitioner also claims his unlawful detention constitutes a violation of the Administrative Procedure Act (Doc. 1 at 10.) Given that Petitioner's due process claim serves as the basis for relief, the Court declines to address Petitioner's additional claims.

2

noncitizens regarding bond eligibility. In *Bautista*, the district court certified the following class:

> Bond Eligible Class: All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Bautista*, 2025 WL 3713987, at *32. Subsequently, the court entered final judgment against the respondents and declared that all Bond Eligible Class members "are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and accordingly "are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." *Maldonado Bautista v. Noem*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025). Here, Petitioner alleges that he does not have lawful status in the United States, has been residing here for 17 years, was not apprehended upon arrival, and is not detained under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231. (*See* Doc. 1 at 11.) In response, Respondents argue only that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and do not dispute that Petitioner is a member of the *Maldonado Bautista* class. (Doc. 10 at 1-2.)

The Court declines to address whether Petitioner is entitled to relief in this habeas petition simply because he is a *Maldonado Bautista* class member. Instead, the Court adopts the reasoning set forth in *Crispin M. C. v. Noem*, No. 1:25-CV-01487-KES-HBK (HC), 2026 WL 70553 (E.D. Cal. Jan. 8, 2026), which explains why persons in Petitioner's situation, i.e., those who entered the United States without permission long ago and have resided here for many years without interacting with the immigration system, are not subject to mandatory detention under § 1225(b)(2). In *Crispin*, the petitioner was granted immediate release considering that the only basis for detention argued by Respondents was § 1225(b)(2). *Id*. at *7. Notably, *Crispin* had never been arrested or charged with a crime, and Respondents did not contend he was a danger to the community or a flight risk. *Id*. at *1, 7. As mentioned, the present record indicates Petitioner has one conviction related to driving under the influence of alcohol. *See Victor Hugo Haro Gomez v. Mark Bowen*, No. 5:26-CV-00349-AH-RAO, 2026 WL 288901, at *2 (C.D. Cal.

Jan. 30, 2026) (adopting reasoning of *Maldonado Bautista* and ordering bond hearing); *cf M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446, at *11 (E.D. Cal. Nov. 24, 2025) (finding post deprivation bond hearing is appropriate remedy for due process violation where petitioner who was on parole was retained by immigration authorities for a supervision violation).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. Therefore, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

## V.  CONCLUSION AND ORDER

1. Petitioners' petition for writ of habeas corpus (Doc. 1) is **GRANTED**.

2. Respondents are **ORDERED** to provide Petitioners with a bond hearing in accordance with 8 U.S.C. § 1226(a) within 10 days of the date of this Order, in which the parties will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained. If Respondents do not provide Petitioners with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention.

3. The Clerk of the Court is **DIRECTED** to enter judgment in favor of Petitioners and close this case.

IT IS SO ORDERED.

Dated:  **February 20, 2026**

UNITED STATES DISTRICT JUDGE

4